**In re Cleyester THOMAS, Debtor,**

**Cleyester THOMAS, Plaintiff,**

v.

**Sallie CALLAHAN, Defendant.**

**Nos. 85 C 6200, 85 C 10142.**

United States District Court,
N.D. Illinois, E.D.

Dec. 30, 1985.

Prusak & Nudo, Chicago, Ill., for plaintiff.

Edward R. Gayles, Chicago, Ill., for defendant.

Craig Phelps, Chicago, Ill., trustee.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge.

This case presents an unusual procedural difficulty. On May 30, 1985 the appellant-debtor Cleyester Thomas filed a notice of appeal of an order of the Bankruptcy Court dated May 10, 1985. The May 10, 1985 order was a single page document which denied confirmation of the debtor's Chapter 13 reorganization plan and lifted an automatic stay of a state court proceeding between the debtor and appellee Sallie Callahan. The May 10, 1985 order also gave the debtor thirty days in which to file an amended plan. That May 10th order was entered on the docket of the Bankruptcy Court on May 20, 1985. Ten days later on May 30, 1985 the debtor sought review by this Court of the Bankruptcy Court's May 10th denial of his Chapter 13 plan and the lifting of the automatic stay.

On July 25, 1985 the debtor filed his brief in favor of this appeal. The appellee was granted until August 9, 1985 to file a responsive brief. Appellee failed to respond. On September 24, 1985 this Court held a status hearing on this case. At that hearing counsel for appellee stated that the appellee would not file any responsive pleading: rather, the appellee chose to rely on the briefs filed in the bankruptcy case.[1] The Court granted the parties until October 15, 1985 to file any further briefs. No further briefs were filed.

On November 1, 1985, due to the brevity of the May 10, 1985 order, this Court (never having been apprised by either party of any opinion issued by the Bankruptcy

---

1. The Court notes that the appellee technically failed to comply with Bankruptcy Rule 8006 which required, within seven days of the debtor's filing of his Designation of the Contents of the Record on Appeal, that the appellee designate any additional items (including briefs) she would have this Court consider.

Court after May 10, 1985) remanded this case to the Bankruptcy Court for further findings of fact and conclusions of law. Upon receipt of the remand order, the Bankruptcy Court informed this Court, much to this Court's surprise, that on May 17, 1985 the debtor had filed with the Bankruptcy Court an emergency motion to vacate the May 10, 1985 order. The emergency motion was heard by the Bankruptcy Court on May 30, 1985. After a hearing on the emergency motion, the Bankruptcy Court issued an eleven page Memorandum Opinion and Order, dated May 30, 1985. That opinion was entered on the docket of the Bankruptcy Court on May 31, 1985 and copies of the order were sent to counsel on that day—May 31, 1985.[2]

On June 10, 1985 the debtor filed a Designation of the Contents of the Record on Appeal with the Bankruptcy Court. The debtor did not designate the May 30, 1985 Memorandum Opinion and Order as part of his appeal. Furthermore, although transcripts of certain hearings on the debtor's Chapter 13 plan were designated as part of the appellate record, the transcript of the May 30, 1985 hearing was not included in the Designation.

It may be that the debtor filed his notice of appeal of the May 10, 1985 order before receiving the reasoning of the Bankruptcy Court as to why the Chapter 13 plan was denied and the automatic stay lifted. (The Bankruptcy Court has advised this Court, however, that the eleven page opinion was issued at the conclusion of the hearing on May 30, 1985, the same date as the filing of the notice of appeal.) By the time the debtor filed his Designation of the appellate record, however, counsel for the debtor surely had received the Bankruptcy Court's May 30, 1985 Memorandum Opinion and Order. Had the debtor included either the May 30, 1985 Memorandum Opinion and Order or the transcript of the May 30, 1985 hearing in his Designation of the appellate record, this Court could have entertained appellate review of the Bankruptcy Court's May 30, 1985 Memorandum Opinion and

Order. At the very least, to obtain appellate review of the May 30, 1985 ruling the debtor had a duty, upon issuance of this Court's November 1, 1985 order remanding the case for further findings of fact and conclusions of law, to come forward and apprise this Court that the Bankruptcy Court had indeed made such findings and conclusions in its May 30, 1985 Memorandum Opinion and Order.

As the record stands, the only conclusion that this Court can draw is that the debtor deliberately attempted to conceal the Bankruptcy Court's May 30, 1985 ruling and avoid its impact by seeking review of the Bankruptcy Court's earlier May 10, 1985 order, an order which was subsequently reconsidered and modified by the Bankruptcy Court at the debtor's own request. The debtor has no right of appeal from the May 10, 1985 order since it was neither a final order nor an interlocutory one. *See* Bankruptcy Rules 8001(a) and (b).

The debtor's appeal must be dismissed for want of jurisdiction.

---

**2.** Upon learning of this opinion, this Court vacated its November 1, 1985 remand order.